UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY          19cv7783 (JGK)
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY         MEMORANDUM OPINION &
FUND, et al.,                                ORDER

                    Petitioners,

          - against -

M.C.F. ASSOCIATES.,

                    Respondent.
─────────────────────────────────────

JOHN G. KOELTL, District Judge:

     The petitioners, the Trustees of the New York City District

Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund,

and Apprenticeship, Journeyman Retraining, Educational and

Industry Funds (the "ERISA Funds"), the Trustees of the New York

City Carpenters Relief and Charity Fund (the "Charity Fund"),

the New York City and Vicinity Carpenters Labor Management

Corporation (the "Corporation"), and the New York City District

Council of Carpenters (the "Union") petition to confirm an

arbitration award pursuant to section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C.

§ 185, and move the Court to award reasonable attorney's fees

and costs as well as post-judgment interest on the Award. The

ERISA Funds trustees are trustees of multiemployer labor

1

management trust funds operated in accordance with the Employee
Retirement Income Security Act of 1974 ("ERISA"), as amended, 29
U.S.C. §§ 1001, et seq., and the trustees are fiduciaries of the
ERISA Funds within the meaning of Section 3(21) of ERISA, 29
U.S.C. § 1002(21). The Charity Fund trustees are trustees of a
charitable organization established under Section 501(c)(3) of
the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The
Corporation is a New York not-for-profit corporation. The Union
is a labor union that represents employees in an industry
affecting commerce within the meaning of Section 501 of the
LMRA, 29 U.S.C § 142. The Union is the certified bargaining
representative for certain employees of the respondent, M.C.F.
Associates, Inc. ("M.C.F."), which is a domestic business
corporation incorporated under the laws of New York, and was, at
relevant times, an employer within the meaning of Section (3)5
of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry
affecting commerce within the meaning of Section 501 of the
LMRA, 29 U.S.C. § 142. The respondent has not opposed the
petition.

## I.

The following uncontested facts are taken from the petition
and documents submitted in support of the petition.

At all relevant times, M.C.F. was party to an agreement with the United Brotherhood of Carpenters and Joiners that became effective on November 4, 1996. Pet. ¶ 9; Pet. Ex. A, at 2. The agreement renewed automatically every three years unless written notice to terminate was given by either party between 60 and 90 days prior to the expiration date. Pet. Ex. A, at 2. Neither party ever exercised its right of termination. Pet. ¶ 12. The agreement specifies, in pertinent part, that "[p]ayment of pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement . . . ." Pet. ¶ 10; Pet. Ex. A, at 1. The applicable collective bargaining agreement (the "CBA") requires M.C.F. to make contributions to the Funds for all work within the trade and geographic jurisdiction of the Union. Pet. ¶ 13; Pet. Ex. B, Art. XV, § 1. The CBA further requires M.C.F. to furnish books and payroll records when requested by the Funds for the purposes of ensuring compliance with the fund contribution requirements and the CBA bound employers to the rules and policies adopted by the Funds. Pet. ¶¶ 14-15; Pet. Ex. B., Art. XV, §§ 1-2.

The CBA provides that in the event "any dispute or disagreement arise between the parties hereto, concerning any

claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder[.]" Pet. ¶ 16; Pet. Ex. B, Art. XV, § 7. The CBA further provides that "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such fund." Pet. ¶ 17; Pet. Ex. B, Art. XV, § 7. Finally, the CBA provides that, in the event of arbitration over unpaid contributions, the Funds may also collect the interest on the unpaid contributions at the prime rate of Citibank plus 2%, liquidated damages in the amount of 20% of unpaid contributions, and reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies. Pet. ¶ 18; Pet. Ex. B, Art. XV, § 6.

An audit covering the period January 1, 2011 to September 26, 2017 revealed that M.C.F. failed to remit all required contributions to the Funds. Pet. ¶ 19. Pursuant to the arbitration clauses in the CBA, the petitioners initiated arbitration proceedings before the designated arbitrator, Roger

E. Maher, to resolve the dispute over the unpaid contributions. Pet. ¶¶ 16-18, 20.

In an award dated May 28, 2019, the arbitrator found that M.C.F. violated the CBA when it failed to remit delinquent contributions to the funds and ordered M.C.F. to pay the Funds the sum of $48,277.36, consisting of: (1) the principal deficiency contained in the audit of $24,880.40; (2) interest on the deficiency of $7,717.14; (3) liquidated damages of $7,968.36; (4) late payment interest of $123.67; (5) promotional fund contributions of $60.80; (6) non-audit late payment interest of $90.74; (7) court costs of $400.00; (8) attorneys' fees of $1,500.00; (9) the arbitrator's fee of $500.00; and (10) audit costs of $5,036.25. Pet. ¶¶ 21-22; Pet. Ex. D., at 3. The arbitrator also found that interest at the rate of 7.5% would accrue on the Award from the date of its issuance. Pet. ¶ 23; Pet. Ex. D, at 3. As of the date of this petition, M.C.F. had failed to pay any part of the Award. Pet. ¶ 24.

On August 20, 2019, the petitioners timely filed this petition to confirm the arbitration award. In addition to confirmation of the arbitration award and judgment in the amount of the original Award plus 7.5% interest from the date of the Award to the date of judgment, the petitioners also seek $1,030.00 in attorneys' fees and $75.00 in costs arising from

the petition and post-judgment interest at the statutory rate.
Pet. ¶ 34.

## II.

A district court's role in reviewing an arbitration award is extremely limited. See <u>United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.</u>, 484 U.S. 29 (1987); <u>United Steelworkers v. Enterprise Wheel & Car Corp.</u>, 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." <u>Misco</u>, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." <u>Id.</u> (quoting <u>United Steelworkers</u>, 363 U.S. at 597). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. <u>U.S. Steel and Carnegie Pension Fund v. Dickinson</u>, 753 F.2d 250, 252 (2d Cir. 1985); <u>see also</u> <u>Trustees of New York City Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc.</u>, No. 17-cv-5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

Despite being served with the petitioners' petition, M.C.F. has not responded. After M.C.F.'s original time to oppose the petition had lapsed, the Court extended M.C.F.'s time to respond until November 8, 2019. Dkt. No. 10. The Court stated that if M.C.F. did not respond by that date, the Court would decide the petition based on the papers that had been submitted by the petitioner. Id.

In these situations, however, the Second Circuit Court of Appeals has explained that a default judgment is inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d

7

Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III.

In this action, the Arbitrator's award was not "his own brand of industrial justice." Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). Rather, the Arbitrator found that the uncontroverted testimony established that M.C.F. was bound by the CBA and that the evidence showed that M.C.F. had violated the CBA and owed the petitioners $48,277.36 plus post-award interest at a rate of 7.5%. Pet. Ex. D. The Arbitrator credited the testimony of the auditor employed by the petitioners as well as the accounting method used during the audit to calculate the Award. Id. The record and arbitration award show that M.C.F. did in fact withhold contributions from the Funds in violation of the CBA.

Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that that petitioners' petition to confirm the arbitration award should be granted.

The petitioners also seek judgment to recover attorney's fees expended in this action. Courts in this district "have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting Abondolo v. H & M.S. Meat Corp., No. 07-cv-3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)) (internal quotation marks omitted). In this case, the attorney's fees sought by the petitioners are supported by the Agreement and are reasonable. Article XV, Section 6 of the Agreement provides, in relevant part, that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction . . . to collect delinquent contributions . . . and if such court renders a judgment in favor of [the Funds], the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action.

Pet. Ex. D, Art. XV, § 6(a). In support of the petitioners' claim for attorney's fees, the petitioners' counsel submitted an invoice listing the tasks completed, the attorneys' hourly billing rates, and the total hours billed. Pet. Ex. E. The petitioners seek $1,030.00 in attorney's fees for 6.0 hours of work, for which petitioners' counsel billed the services of a "Partner" attorney at a rate of $275 per hour and a legal

assistant at a rate of $120 per hour. Pet. ¶¶ 29-30; Pet. Ex. E.
The rates billed and time expended on this action by the
petitioners' counsel are reasonable. See Stop & Work, 2018 WL
324267, at *3 (approving attorney's fees that billed Of Counsel
attorneys at a rate of $300 per hour and an associate attorney
at a rate of $225 per hour); Trustees of New York Dist. Council
of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No.
14-cv-2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015)
(approving attorney's fees that billed associates at a rate of
$225 per hour and paralegals at a rate of $100 per hour).

The petitioners are also entitled to post-judgment interest
on the full amount of the judgment at the rate provided under 28
U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir.
1996) ("The award of post-judgment interest is mandatory on
awards in civil cases as of the date judgment is entered.")
(citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The Clerk of Court is directed to enter judgment granting
the petition to confirm the arbitration award dated May 28, 2019
in the amount of $48,277.36, plus interest from the date of the
arbitration award accrued at an annual rate of 7.5% until the
date of judgment. The Clerk is also directed to enter judgment
in favor of the petitioners and against the respondent in the

amount of $1,030.00 in attorneys' fees and $75.00 in costs.
Post-judgment interest on the entire amount of the judgment will
accrue from the date of this judgment at the rate provided by 28
U.S.C. § 1961(a). The Clerk is further directed to close this
case.

**SO ORDERED.**

**Dated:**    **New York, New York**
         **January 6, 2020**        _____/s/ John G. Koeltl_____
                                    **John G. Koeltl**
                                    **United States District Judge**